SOBRINOS DE EZQUIAGA, Plaintiffs and Appellants, *v.* ANDRÉS OTERO-RIVERA, BALTAZAR MENDOZA, MIGUEL NOGUERAS, FRANCISCO RODRÍGUEZ and LUIS BENET-COLÓN, Defendants and Appellees.

No. 3858. Argued June 9, 1926.—Decided July 20, 1926.

*Acuña & Janer* for the appellants. *B. Fernández García* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Sobrinos de Ezquiaga brought an action against Andrés Otero, Baltazar Mendoza, Miguel Nogueras, Francisco Rodríguez and Luis Benet. The cause of action against Otero was for the recovery of the sum of $7,053 proceeding from an agricultural loan, and that against the other defendants was for the annulment of a certain pledge and sale made to them by Otero of the same property involved in the agricultural loan, and recognition of the preferred right of the plaintiffs to subject the said property to their claim.

In the complaint it is alleged in substance that on March 11, 1921, the plaintiffs made to defendant Andrés Otero an agricultural loan for the amount of $7,053 before the Municipal Judge of Cayey, the said loan to fall due on July 31, 1921; that Otero pledged as security 400 quintals of leaf tobacco; that on the date on which the said loan was made Otero owned only as property that guaranteed his solvency 1,000 quintals of tobacco of the 1921 crop, wherein were

included the 400 quintals pledged in the said loan; that the plaintiffs made the said loan relying solely on the security of the 400 quintals of tobacco and trusting that defendant Otero would faithfully keep it on deposit; that on April 8, 1921, the said defendant pledged to the other defendants the 1,000 quintals of tobacco as security for an obligation contracted with them for the sum of $24,640.98 falling due on June 30, 1921, Otero consenting that the 1,000 quintals of tobacco should pass into the possession of defendant Francisco Rodríguez as depository; that upon learning of the said pledge the plaintiffs suggested to defendant Otero that he furnish them new security for their loan, or take again into his possession the 400 quintals of tobacco; that if he did neither, he should then consider the obligation contracted by the loan due and pay the debt of $7,053; that the said defendant refused to comply with the demands of the plaintiffs because he had no other property or money with which to pay the said loan; that on or about June 30, 1921, defendant Otero sold to the other defendants the 1,000 quintals of tobacco, he not having paid the debt of $24,640.98 when it fell due, but the said sale was not made at a public sale, and that at the time the said 1,000 quintals of tobacco were given in pledge, as well as when they were sold, each and all of the defendants knew of their own knowledge that in the lot of 1,000 quintals of tobacco were included the 400 quintals that guaranteed as a preferred claim the obligation contracted by defendant Otero in favor of the plaintiffs.

On December 10, 1921, the plaintiffs filed a supplementary complaint wherein the preceedings brought in the Municipal Court of Cayey for the sale of the 400 quintals of tobacco for the reason that the loan guaranteed by it was past due were recited, averring therein. that on March 16, 1921, the marshal of the municipal court returned the writ of execution to the effect that the writ could not be exe-

cuted because the crop was not found in the possession of defendant Andrés Otero.

With the exception of defendant Andrés Otero all of the defendants answered both the original complaint and the supplementary complaint by denying specifically that Andrés Otero had no other property, nor any more leaf tobacco than the 1,000 quintals pledged, and that in the said lot of 1,000 quintals of tobacco were included the 400 quintals pledged to the plaintiffs, they alleging that Andrés Otero did have other property, both personal and real, when the said agricultural loan was made.

They also alleged as special defenses that defendants Baltazar Mendoza, Miguel Nogueras, Francisco Rodríguez and Luis Benet Colón jointly made a loan to defendant Otero in the amount of $24,640.98 to cover the expenses of planting, cultivating and harvesting the tobacco crop of 1920–1921, and that the 1,000 quintals of leaf tobacco pledged to and afterwards purchased by them proceeded from the crop of 1921 and had been harvested with the money advanced by them, and that, on the other hand, the sum of $7,053 as security for which the agricultural loan had been made did not represent cash lent by the plaintiffs to Andrés Otero on March 11, 1921, but merchandise sold in 1920 by the plaintiffs to the firm of A. Otero & Brothers of which the said Andrés Otero was the managing partner.

After trial the lower court rendered judgment against Andrés Otero to the effect that he should pay to the plaintiffs the sum of $7,053, and dismissed the complaint as against the other defendants. From this last part of the judgment the plaintiffs appealed and although in their brief they assign nine errors, in our opinion the first fundamental question, as a previous proposition to the various legal points raised by the appellants, is one of fact; that is, whether the 400 quintals of tobacco pledged as secur-

ity for the agriculural loan were included in the 1,000 quintals which Otero pledged and afterwards sold to the other defendants.

The lower court said in its opinion on that point:

"6.—That the tobacco attached and left in the custody of Baltazar Mendoza was the private property of the latter, the said tobacco not being the same that the said Andrés Otero gave to Sobrinos de Ezquiaga as security. It was thus certified to by Marshal Tomás Escalera in his return on the writ of attachment issued on the plaintiffs' motion. And although witness Luis Janer Landrón, counsel for plaintiffs, testified at the trial that Baltazar Mendoza had told him at the time the attachment was levied that the tobacco belonged to him because Andrés Otero had sold it to him, and that he had to attach all of his property and the crop of 1921 because they had been sureties for him in various loan transactions made on previous dates, this statement, the only one there is that would indicate that the tobacco proceeded from Andrés Otero, is controverted by the predominant statements of Baltazar Mendoza himself, of Francisco Rodríguez and of Marshal Tomás Escalera, and by the pledge and sale deeds of the 1,000 quintals of tobacco, to the effect that this lot of tobacco was left in the custody of Francisco Rodríguez as depository, although actually kept in the warehouse of Andrés Otero at Cidra, he afterwards taking it over to his warehouse at Las Vegas, Cayey, and was then sold, the tobacco pledged by Andrés Otero to the other defendants being in bales, whereas the property under the attachment in the possession of Baltazar Mendoza and as belonging to him was in bulk. And besides, Andrés Otero himself, when called to testify as witness for the plaintiffs, stated that the 400 quintals of tobacco pledged as security for the crop loan had been kept in his warehouse up to the termination of the contract; but that a petition in bankruptcy having been filed in the Federal Court against A. Otero & Brothers, he had sold the same in various lots."

It may be observed that the lower court, after weighing the conflicting testimony, reached a negative conclusion and decided for the defendants. And the examination that we have made of the evidence has forced us to the same conclusion.

The plaintiffs alleged as an essential element of their

complaint that "defendant Andrés Otero had as his only property that would guarantee his solvency one thousand quintals of tobacco, in which were included the four hundred quintals that guaranteed the loan made by the plaintiffs to said defendant to the amount of $7,053."

The evidence showed that the plaintiffs had sold fertilizer to the firm of A. Otero & Brothers of Cidra for the planting and cultivation of tobacco. As a recognition of this debt and covering the purchase price the firm had signed and delivered to the plaintiffs various notes. When these notes became due the plaintiffs tried to collect them, and it was then that defendant Andrés Otero assumed the debt, and it was agreed that the notes aggregating $7,053 should be substituted by a loan. The financial transaction had been proposed for a larger amount, but after examining the financial condition of Andrés Otero, as testified by Manuel Mendía, managing partner of the plaintiffs, and a survey of the plantations made by an expert employed by them, the loan was brought down to the amount covered by the obligation mentioned.

The expert surveyed only one of the plantations, whose yield he figured at over 400 quintals and served as basis for the loan. Rafael González, the expert witness, testified on that point that "I asked Otero if he had any other tobacco and he said 'yes, I have another plantation'; I said to him 'I believe it is not necessary that we should see it, because this plantation you have exceeds the amount.'" There was also evidence showing that Andrés Otero on the date of the loan owned a property of 314 acres at Cidra.

Consequently, we find no element in the evidence to justify the conclusion that the lower court erred in holding that the 400 quintals of tobacco subject to the agricultural loan were not included in the lot of 1,000 quintals pledged and afterwards sold by Andrés Otero to the other defendants.

For the reasons stated the judgment appealed from should be affirmed.